23-15732

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**CHET PRUITT,**

                Plaintiff-Appellant,

    v.

**MANJULA BOBBALA, M.D., et al.,**

                Defendants-Appellees.

On Appeal from the United States District Court
for the Eastern District of California

No. 2:20-cv-00632 KJM AC
The Honorable Kimberly J. Mueller, District Judge

**DEFENDANTS-APPELLEES' PETITION FOR
PANEL REHEARING (OR CLARIFICATION)**

Rob Bonta
Attorney General of California
Monica N. Anderson
Senior Assistant Attorney General
Neah Huynh
Supervising Deputy Attorney General
Sarah M. Brattin
Deputy Attorney General
State Bar No. 302043
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7321
 Fax: (916) 324-5205
 Email: Sarah.Brattin@doj.ca.gov
*Attorneys for Defendants-Appellees Gates and Lynch*

The undersigned counsel represents Defendants-Appellees Appeals Chief Gates and Warden Lynch.  In an unpublished memorandum dated July 25, 2024, this Court affirmed in part and reversed in part the district court's order dismissing Plaintiff Pruitt's claims against two sets of defendants: the non-physician defendants and the physician defendants.  (Mem. Dispo. 6-7, ECF 48.)  Specifically, this Court affirmed the dismissal order as to Appeals Chief Gates and the State Compensation Insurance Fund and reversed only as to "the Physicians," i.e., Dr. Bobbala and Dr. Arya.  (*Id*.)  Although this Court briefly mentioned Warden Lynch (*id*. at 2) and arguably intended to affirm the dismissal order as to Warden Lynch given he is also not a physician, its dispositional holding did not explicitly address Warden Lynch. (*See id*. at 6-7 ("We thus affirm the district court's dismissal of Pruitt's claims against the Fund and Gates without leave to amend and reverse the district court's dismissal of Pruitt's claim against the Physicians.").)

/ / /

/ / /

/ / /

To avoid any dispute on remand concerning the unpublished memorandum's scope, this Court should grant panel rehearing to clarify its intention to affirm the district court's dismissal of Pruitt's claims against Warden Lynch.

Dated: July 30, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
NEAH HUYNH
Supervising Deputy Attorney General

*s/ Sarah M. Brattin*

SARAH M. BRATTIN
Deputy Attorney General
*Attorneys for Defendants-Appellees Gates and Lynch*

SA2023302660

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 23-15732

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[X] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

DEFENDANTS-APPELLEES' PETITION FOR PANEL REHEARING (OR CLARIFICATION)

**Signature** | s/ Y. Pacheco    **Date** | Jul 30, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 15**                                                                      *Rev. 12/01/2018*

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHET RANDALL PRUITT,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>MANJULA BOBBALA, MD; et al.,<br><br>   Defendants-Appellees. | No. 23-15732<br><br>D.C. No.<br>2:20-cv-00632-KJM-AC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted July 9, 2024**
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Chet Pruitt, a California State Prison inmate, appeals the district court's dismissal of his § 1983 claims against S. Gates, the State Compensation Insurance

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Fund[1] ("Fund"), Dr. Manjula Bobbala, and Dr. Afshin Arya. On December 7, 2018, Pruitt suffered a foot injury while working his prison job.

At this stage in the proceedings, we take all allegations in the complaint as true. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Pruitt alleges that, despite several medical orders, he did not receive timely treatment and did not undergo surgery until November 5, 2020, almost two years after the injury. As a result, he is now disabled. Pruitt filed his original complaint against Dr. Bobbala, Warden Jeff Lynch, Gates, and the Fund. He brought § 1983 claims against each defendant for violating his Eighth Amendment rights through their deliberate indifference to his medical needs.[2] Pruitt's claim against Gates arose from her approval of the prison's response to his health grievance.[3] Pruitt's grievance raised issues about the treatment of his foot injury, and Gates's response decided against intervention. As to the Fund, Pruitt's claim was based on its denial of insurance benefits. The district court dismissed the claims against all defendants, but granted

---

[1] Pruitt alleges that the "Fund provided a worker[s'] compensation insurance policy to [him] and other workers at California State Prison - Sacramento."

[2] Pruitt brought additional state law claims against the Fund. Because he does not challenge the district court's dismissal of the state law claims, those claims are forfeited, and we do not reach them. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997).

[3] Gates is the Chief of the Health Care Correspondence and Appeals Branch, Policy and Risk Management Services.

Pruitt leave to amend his claims against Dr. Bobbala and Dr. Arya ("Physicians"). Pruitt filed a first amended complaint and raised several allegations against the Physicians, including that they failed to timely schedule his surgery. The district court dismissed all claims against the Physicians without further leave to amend.

We review the district court's dismissal for failure to state a claim de novo, *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011), and denial of leave to amend for abuse of discretion, *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.

1. Pruitt failed to sufficiently allege claims against the Fund and Gates. To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962–63 (9th Cir. 2016) (quoting *Turner v. City & County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)). To state a claim under § 1983, a plaintiff must allege (1) the "violation of a right secured by the Constitution and laws of the United States" and (2) that "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). And to establish an Eighth Amendment violation "based on prison medical treatment," the

plaintiff must show two elements: (1) a serious medical need[4] and (2) deliberate indifference to such need. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

First, Pruitt fails to plausibly allege that the Fund's denial of insurance benefits is the kind of "sufficiently serious" deprivation that constitutes an Eighth Amendment violation. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (explaining deprivation is sufficiently serious when it causes "the denial of the minimal civilized measure of life's necessities" (quoting *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009))).

Second, Pruitt fails to sufficiently allege facts showing that Gates was deliberately indifferent to his medical needs. A prison administrator can be liable for deliberate indifference to an incarcerated person's medical needs if she "knowingly fail[s] to respond to [their] requests for help." *Jett*, 439 F.3d at 1098. But Pruitt has not alleged that Gates was aware of a serious medical risk to Pruitt's health when she signed off on the headquarters-level health grievance response on November 25, 2019. *See Peralta v. Dillard*, 744 F.3d 1076, 1086–87 (9th Cir. 2014) (en banc) (finding that prison administrator who signed off on a health grievance appeal did not knowingly fail to respond when he had no awareness of serious medical risk to the plaintiff's health).

---

[4] The parties do not dispute that Pruitt sufficiently alleges a serious medical need.

2. The district court did not abuse its discretion when it denied Pruitt leave to amend his claims against the Fund and Gates. A district court may deny leave to amend if "a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). For Pruitt's claim against the Fund, amendment cannot cure the fact that a denial of insurance benefits does not amount to an Eighth Amendment violation. And as to the claim against Gates, Pruitt failed to identify any new allegations he would add against Gates and stated that the new evidence produced by defendants revealed nothing further about Gates's involvement. The district court reasonably concluded that amendment to either of the claims would be futile.

3. Pruitt sufficiently alleged a § 1983 claim against the Physicians. Because the parties do not dispute that the Physicians qualify as people "acting under color of state law," *West*, 487 U.S. at 48, and the parties do not dispute that Pruitt alleges a serious medical need, the only remaining issue is whether Pruitt sufficiently alleged that the Physicians acted with deliberate indifference to such need, *Jett*, 439 F.3d at 1096. Pruitt alleges that the Physicians failed to timely provide him with surgery after receiving an order from an outside specialist in January 2020. The specialist, who had examined Pruitt's injury on multiple prior occasions, recommended that Pruitt receive surgery "as soon as may be set up." But despite

having knowledge of Pruitt's urgent need for surgery, the Physicians delayed Pruitt's surgery for eleven months. These allegations are sufficient to show that the Physicians were deliberately indifferent because they "kn[ew] of and disregard[ed] an excessive risk to [Pruitt's] health." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)); *see also Jett*, 439 F.3d at 1096–97 (holding that a jury could find deliberate indifference if doctor delayed orthopedic consultation for six months despite knowing about the plaintiff's need to have fractured thumb set and cast).

Dr. Bobbala argues that an excerpt from Pruitt's medical records referenced in the complaint prevents Pruitt from alleging a plausible Eighth Amendment violation. The excerpt notes that "[s]cheduling of the surgery was delayed due to COVID-19 restrictions in movement and cancellation of elective surgeries" and that surgery "needs to be scheduled." But "constru[ing] the pleadings in the light most favorable to the nonmoving party," *Knievel*, 393 F.3d at 1072, Pruitt has alleged enough facts "to state a claim to relief that is plausible on its face," *Ebner*, 838 F.3d at 962–63. After January 2020, Pruitt's surgery was medically necessary, not elective. And because the complaint does not indicate when this statement was recorded, when the COVID-19 restrictions were implemented, or how long they were in place, it is unclear that the restrictions justified the delay.

We thus affirm the district court's dismissal of Pruitt's claims against the Fund

6

and Gates without leave to amend and reverse the district court's dismissal of Pruitt's claim against the Physicians.

**AFFIRMED in part, REVERSED AND REMANDED in part.**[5]

---

[5] The parties will bear their own costs.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1) Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1) Purpose**
  **A. Panel Rehearing:**
  - A party should seek panel rehearing only if one or more of the following grounds exist:
    - ➢ A material point of fact or law was overlooked in the decision;
    - ➢ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    - ➢ An apparent conflict with another decision of the Court was not addressed in the opinion.
  - Do not file a petition for panel rehearing merely to reargue the case.

  **B. Rehearing En Banc**
  - A party should seek en banc rehearing only if one or more of the following grounds exist:
    - ➢ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
    - ➢ The proceeding involves a question of exceptional importance; or

> The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to *(party name(s))*:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** _____ **Date** _____

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
| --- | --- | --- | --- | --- |
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*